IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

JUAN J. AREVALO                          :

    v.                                      :          Civil Action No. DKC- 09-2923
                                                                           Related Criminal No. DKC-04-0064

UNITED STATES OF AMERICA        :
                                                     oo0oo

## MEMORANDUM OPINION

Pending is Juan J. Arevalo's Petition titled "Writ of Error Coram Nobis, Audita Querela and Supervisory Powers," challenging his sentence on the grounds of ineffective assistance of counsel. After careful review of the Petition and applicable law, the court concludes there is no basis for relief. The court will deny the Petition by separate Order.

Arevalo, an inmate at the Federal Correctional Institution- Fort Dix, pleaded guilty to conspiracy to import one kilogram or more of heroin and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A). On November 28, 2005, the court sentenced him to 120 months in prison.

### Analysis

Coram nobis is an "extraordinary remedy" used "only under circumstances compelling such action to achieve justice." *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). A writ of error coram nobis is available to vacate a federal conviction after a sentence has been served and defendant is no longer in custody. *See United States v. Morgan*, 346 U.S. 502 (1954). Where, as here, a petitioner remains in federal custody, coram nobis is unavailable and relief must be sought by way of a 28 U.S.C. § 2255 Motion to Vacate, Set aside or Correct Sentence.

To the extent Arevalo wants to challenge his sentence through a Writ of Error Audita Querela, that writ is not available to challenge a conviction or sentence where claims could have been raised pursuant to 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985) that " '[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and " '[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'"); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available).  Claims of ineffective assistance of counsel are cognizable under §2255, and there is no "gap" in available federal post-conviction remedies.  A Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence.  *See Davis v. United States*, 417 U.S. 333, 343 (1974).  Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final.[1]  *See* 28

---

[1]  Section 28 U.S.C. §2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (4) the date on which the facts supporting the claim or claims

U.S.C. § 2255(1).  The one-year limitations period is subject to equitable tolling, however, where a petitioner demonstrates there are "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc).  As it appears the one-year period applicable to Arevelo's judgment has elapsed, he should provide reasons why tolling applies if he decides to file a § 2255 motion.  Further, the fact that a § 2255 Motion is be time-barred does not create a "gap" to warrant extraordinary relief afforded under Audita Querela. *See Valdez-Pacheco*, 237 F.3d at 1080 ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs.").

### Conclusion

For these reasons, relief is denied.  The Petition will be denied by separate Order.


Date:  __November 18, 2009__             _____/s/_____
                                         DEBORAH K. CHASANOW
                                         United States District Judge

---

presented could have been discovered through the exercise of due diligence.